**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

Appeal of The FIDELITY BANK, Individually, on behalf of The New York and Harlem Railroad Company, and on behalf of all other shareholders of The New York and Harlem Railroad Company other than Penn Central Transportation Company.

No. 72–1006.

United States Court of Appeals, Third Circuit.

Argued Oct. 31, 1972.

Decided Jan. 12, 1973.

Victor S. Friedman, Fried, Frank, Harris, Shriver & Jacobson, New York City, for appellant.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for appellee.

Before KALODNER, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by The Fidelity Bank from Order No. 496 of the United States District Court for the Eastern District of Pennsylvania in the pending reorganization proceedings of the Penn Central Transportation Company under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.

Order No. 496 enjoins Fidelity Bank, until further order, from proceeding further with an action it had instituted, individually and derivatively, in the Supreme Court of the State of New York, County of New York, against The New York and Harlem Railroad and its officers and directors ("Harlem"). The New York action sought an injunction restraining Harlem from conveying fee title to property which it had leased in 1873 for a term of 401 years to the Debtor's predecessor. Under the terms of the lease, the lessee had the right to sell portions of the demised premises not needed in railroad operations, without accounting for the proceeds until the end of the lease. Fidelity Bank, in its New York action, alleged that the Debt-or, as 95% controlling shareholder of Harlem, would receive the proceeds of sales of Harlem's properties endangering reversionary rights of Harlem's minority stockholders enuring to them under New York law.

The District Court, after noting that all of the officers and directors of the Harlem Railroad are also officers of the Debtor, and that Fidelity Bank had been permitted to file a derivative action in the reorganization proceedings seeking, *inter alia,* to have the 1873 lease declared null and void,[1] held that (1) Fidelity's New York action constituted a claim against the Debtor's property; (2) Fidelity's New York action, if successful, would frustrate the Debtor's right to sell the leased property and retain the proceeds until the end of the lease, and thus "could have a substantial adverse effect upon existing rights of the Trustees"; (3) "[t]he merits of the claims asserted by Fidelity in the New York litigation can be fully explored, and the legal rights of the parties vindicated, in this Court as well as any other"; and (4) " . . . this Court does have jurisdiction to enjoin the New York proceeding and that the proper exercise of discretion requires that the state proceeding be enjoined."

Fidelity Bank, on this appeal, challenges the ruling of the District Court that it had jurisdiction over the New York action. It further contends that its prosecution of its New York action "will not interfere with the formulation of a Plan of Reorganization of the Debtor."

On review of the record we are of the opinion that the District Court acted within the sweep of its jurisdiction and that it did not abuse its discretion in restraining Fidelity's New York action.

The District Court's Order No. 496 will be affirmed for the reasons so well stated by Judge Fullam in his accompanying opinion, reported at 335 F.Supp. 832 (E.D.Pa.1971).

---

1. Fidelity's Reorganization Court action alternatively petitioned for the relief sought in its New York suit.